Faiyaaz **KHAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–71119.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Kevin H. Knutson, Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Jay Adelstein, U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM [**]

Faiyaaz Khan, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that the mistreatment and general harassment Khan suffered does not amount to persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir.2003) (harassment, threats and mistreatment since early childhood, a one-time attack by anti-Albanian Serbs and being ordered to appear by authorities did not rise to the level of persecution).

Similarly, the record does not compel the conclusion that Khan has a well-founded fear of persecution on account of a protected ground. *See Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). While the 2002 State Department Report indicates that discrimination may exist against Indo–Fijians and Muslims, "[p]ersecution is an extreme concept, which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be." *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)).

Because Khan did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

